UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Scottsdale Insurance Company, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. <u>2:23-cv-1910-BHH</u> |
| James Hart, III, Hart's Landscaping, Inc., | ) | |
| Raishard Page, as Personal Representative of | ) | |
| the Estate of Debora Delores Page and | ) | |
| Jasmine Fragier, as Personal Representative | ) | |
| of the Estate of JF, a minor, | ) | |
| | ) | |
| Defendants. | | |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Scottsdale Insurance Company ("Scottdale"), hereby seeks Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, against the defendants, James Hart, III, Hart's Landscaping, Inc., Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor for purposes of determining a question of actual, immediate controversy between the parties. In support hereof, Scottsdale states as follows:

## **PARTIES**

1. At all pertinent times, Scottsdale has been an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Arizona.

2. Upon information and belief, James Hart, III is a natural person and resident of Charleston County, South Carolina (hereinafter, "Hart III").

3. Upon information and belief, Hart's Landscaping, Inc. is a corporation operating and existing under the laws of the State of South Carolina with its principal place of business in

1

South Carolina (hereinafter "Hart's Landscaping").

4.      Upon information and belief, Raishard Page, as Personal Representative of the Estate of Debora Delores Page is a natural person and resident of Richland County, South Carolina.

5.      Upon information and belief, Debora Delores Page was a natural person and resident of Charleston County, South Carolina at the time of her death.

6.      Upon information and belief, Jasmine Fragier, as Personal Representative of the Estate of FJ, a minor, is a natural person and resident of Charleston County, South Carolina.

7.      Upon information and belief, FJ, a minor, was a natural person and resident of Charleston County, South Carolina at the time of his death.

8.      James Hart, III;  Hart's Landscaping, Inc.; Raishard Page, as Personal Representative of the Estate of Debora Delores Page;  and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor are hereinafter collectively referred to as "Defendants."

9.      Scottsdale issued a commercial general liability policy, Policy No. CPS7587011 to "Hart's Landscaping, Inc." for the period May 18, 2022 to May 18, 2023 (hereinafter referred to as the "Primary Policy").  A copy of the Primary Policy is attached hereto as **Exhibit "A"**.

10.     Scottsdale issued an excess liability policy XBS0164299 to "Hart's Landscaping, Inc." for the period of May 18, 2022 to May 18, 2023 (hereinafter referred to as the "Excess Policy").  A copy of the Excess Policy is attached hereto as **Exhibit "B."**

11.     The Primary Policy and the Excess Policy are hereinafter collectively referred to as the "Policies".

12.     On or around January 30, 2023, Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor, ("Underlying Plaintiffs") filed a complaint in Charleston County, South Carolina

Court of Common Pleas against James Hart, III and Hart's Landscaping, Inc. ("Underlying Defendants"), in a lawsuit styled *Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor v. James Hart, III, Elizabeth Hart, Hart's Landscaping, Inc*. Case No. 2023-CP-10-00463 (the "Underlying Lawsuit").  A copy of the complaint filed in the Underlying Lawsuit (the "Underlying Complaint") is attached hereto as **Exhibit "C"**.

13.    Scottsdale is participating in the defense of Hart's Landscaping and Hart III in the Underlying Lawsuit subject to a separate reservation of rights under the Policies.

14.    As the Plaintiffs in the Underlying Lawsuit, Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor, have an interest in the outcome of this declaratory judgment action for a determination as to whether the Policies provide coverage for the claims and alleged damages that are the subject of the Underlying Lawsuit.

## JURISDICTION AND VENUE

15.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees, and costs.

16.    Venue is proper in the United States District Court of the District of South Carolina pursuant to 28 U.S.C. § 1391 because at least one Defendant resides in this District and because the events giving rise to the basis of the Underlying Lawsuit occurred in this District.

## NATURE OF THE CLAIM

17.    This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, for the purpose of construing and interpreting the terms of

insurance contracts and for a determination of the rights and obligations, if any, of the parties arising from insurance contracts issued by Scottsdale to "Hart's Landscaping, Inc."

18.     An actual, present, and existing controversy exists among the parties to this lawsuit regarding the rights and obligations, if any, of the parties under the Policies with respect to the Underlying Lawsuit.

19.     All conditions precedent to the filing of this action have been performed or have occurred.

20.     Count I of this Complaint seeks a judgment declaring that the Primary Policy's separate auto exclusions preclude coverage for the claims asserted by Underlying Plaintiffs against Hart's Landscaping and Hart III in the Underlying Lawsuit.

21.     Count II of this Complaint seeks a judgment declaring that the Excess Policy does not provide coverage for the claims asserted by the Underlying Plaintiffs against Hart's Landscaping and Hart III in the Underlying Lawsuit because the Excess Policy's Insuring Agreement will not be triggered based on the absence of coverage under the Primary Policy and/or based upon the Excess Policy's Nonowned Auto and Hired Auto Liability Exclusion and Auto Liability Exclusion, which preclude all coverage for the claims asserted by Underlying Plaintiffs in the Underlying Lawsuit.

22.     Count III of this Complaint seeks a judgment declaring that coverage for the damages sought in the Underlying Lawsuit is limited based upon the Policies' Punitive or Exemplary Damage Exclusions.

23.     Count IV of this Complaint seeks a judgment declaring that the Primary Policy does not provide coverage for the claims asserted by Underlying Plaintiffs against Hart's Landscaping and Hart III in the Underlying Lawsuit because the Primary Policy's Criminal Acts Exclusion

4

precludes coverage for the allegations in the Underlying Lawsuit.

24.     Count V of this Complaint seeks a judgment declaring that there is no coverage for the claims asserted by Underlying Plaintiffs against Hart's Landscaping and Hart III in the Underlying Lawsuit due to the Primary Policy's Expected or Intended Act Exclusion.

## FACTUAL BACKGROUND

25.     According to the Underlying Complaint, on or about July 29, 2022, Hart III, while "employed by … [Hart's Landscaping] and … acting within the course and scope of employment with" Hart's Landscaping, was negligently operating a vehicle and collided into the rear of Debora Page's vehicle while Ms. Page was stopped at a red light at the intersection of Rivers Avenue and Cosgrove in Charleston County, South Carolina, which resulted in the deaths of Ms. Page and JF ("Incident"). (Ex. C at ¶¶ 4, 12,19, 23.)

26.     Specifically, Underlying Plaintiffs allege that Hart III "was traveling behind Page's vehicle at approximately, and/or in excess of 90 mph" and that Hart III collided with Page's vehicle with such force that it caught fire and was pushed into the intersection and oncoming traffic.  (*Id*. at ¶¶ 19-20.)

27.     According to Underlying Plaintiffs, at the time of the Incident, Hart III was operating a vehicle owned by Elizabeth Hart, who allowed Hart's Landscaping to "borrow" and utilize the vehicle for Hart's Landscaping business and "entrusted" her vehicle to Hart's Landscaping, despite Elizabeth Hart's alleged knowledge that Hart III was "a dangerous driver and posed a serious risk to other drivers and passengers."  (*Id*. at ¶¶ 13-14, 34).

28.     At the time of the Incident, Hart's Landscaping allegedly "had two employees, agents and/or representatives occupying and/or operating the Subject Vehicle on behalf of Hart's Landscaping, Inc. and while in the course and scope of conducting the business of Hart's

Landscaping, Inc." (*Id*. at ¶ 16).

29.    The Underlying Complaint brings causes of action for negligence and gross negligence against Hart III, negligent entrustment as to Elizabeth Hart and Hart's Landscaping, and negligent hiring, supervision and/or training against Hart's Landscaping.. (*Id*. at ¶¶ 27, 36, 39).

30.    The Underlying Complaint alleges that as a result, Underlying Plaintiffs have suffered actual, consequential, and punitive damages.  (*Id*. at ¶¶ 37, 41).

## THE POLICIES

31.    The Primary Policy provides, *inter alia*, commercial general liability coverage, subject to the terms, conditions, limitations and exclusions of the Primary Policy.

32.    The Primary Policy provides Commercial General Liability coverage pursuant to Form No. CG 00 01 (04-13) ("Commercial General Liability Coverage Part").

33.    As for who qualifies as an "insured" under the Primary Policy's Commercial General Liability Coverage Part, the Primary Policy provides, in pertinent part, as follows:

**SECTION II – WHO IS AN INSURED**

1.    If you are designated in the Declarations as:

* * *

d.    An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

* * *

2.    Each of the following is also an insured:

6

    **a.**  Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees",[1] other than either your "executive officers" (if you an organization other than a partnership, joint venture, or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

* * *

[Ex. A at Form CG 00 01 04 13.]

34.    The Primary Policy's Commercial General Liability Coverage Part provides that "the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under the Policy."  (*Id*.)

35.    The Primary Policy also provides Errors and Omissions Coverage ("Errors and Omissions Coverage Part").

36.    With respect to the definition of an "insured" the Errors and Omissions Coverage Part provides, in pertinent part, as follows:

**SECTION II – WHO IS AN INSURED**

If you are designated in the Declarations as

***

5.   An organization other than partnership, joint venture, limited liability company or trust you are insured.  Your executive officers and directors are insureds, but only with respect to their duties as your officers and directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

6.   Your employees are insureds, but only for acts within the scope of their employment by you or while performing duties related to the conduct of your

---

[1]   The Primary Policy's Commercial General Liability Coverage Part defines "employee" as follows: "'[e]mployee' includes a 'leased worker'. 'Employee' does not include a 'temporary worker'."  (*Id*.)

7

business.

***

[Ex. A at Form GLS-172s (11-19).]

37.     The Primary Policy's Commercial General Liability Coverage Form provides that Scottsdale "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," so long as the "bodily injury" or "property damage" is caused by an "occurrence" and the "bodily injury" or "property damage" occurs during the policy period.  The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time[,]" (*id.*), and it defines "occurrence" as an "accident."  [Ex. A at Form CG 00 01 04 13.]

38.     Similarly, the Primary Policy's Errors and Omissions Coverage Part provides that Scottsdale "will pay those sums that the insured becomes legally obligated to pay as 'damages' as a result of an 'error or omission' … [that] occurs during the policy period."  [Ex. A at Form GLS-172s (11-19).]  The term "damages" is defined as "monetary judgments, awards or settlements the insured is legally obligated to pay as a result of an 'error or omission' to which this insurance applies."  (*Id.*)   "Error or omission" is defined as "any negligent act, error or omission while performing those services described in the Schedule of this Coverage Part under the Description of Services."  (*Id.*)

39.     In addition to the above-described terms, the Primary Policy contains various exclusions and endorsements modifying coverage under the Policy.  Specially, Coverage A of the Policy's Commercial General Liability Coverage Part includes an Aircraft, Auto or Watercraft Exclusion (the "Auto Exclusion"), which provides, in pertinent part, as follows:

> **2.     Exclusions**
>
> This insurance does not apply to:

> **g.    Aircraft, Auto Or Watercraft**
>
> * * *
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

[Ex. A at Policy Form GLS-457s 10-14].

40.    The term "auto" is defined as "a land motor vehicle, trailer or semi-trailer designated for travel on public roads, including any attached machinery or equipment."  (*Id.*)

41.    The Primary Policy's Errors and Omissions Coverage Part also includes a separate "auto exclusion", which provides, in pertinent part, as follows:

> **2.  Exclusions**
>
> This insurance does not apply to:
>
> ***
>
> **c.**    Injury arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."

42.    The Primary Policy also contains a Punitive Or Exemplary Damage Exclusion, which provides as follows:

> In consideration of the premium charged, it is agreed that this policy does not apply to a claim of or indemnification for punitive or exemplary damages.
>
> Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.
>
> If suit is brought against any insured for a claim falling within coverage provided

under the policy, seeking both compensatory and punitive or exemplary damages, the Company will afford a defense to such action; however, the Company will have no obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

[Ex. A at Policy Form UTS-74g (8-95).]

43.    The Excess Policy provides commercial excess limited liability coverage above the Primary Policy pursuant to Form CX 00 01 04 13 ("Excess Liability Coverage Part"). With respect to the Primary Policy, the Excess Policy provides that "[t]he insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable 'controlling underlying insurance', unless otherwise directed by this insurance." [Ex. B at Form CX 00 01 04 13.]

44.    The Excess Policy provides that Scottsdale's liability applies when "(a) The . . . insured's 'controlling underlying insurer' has become obligated to pay the 'retained limit'; and (b) The obligation of the insured to pay the 'ultimate net loss' in excess of the 'retained limit' has been determined by a final settlement or judgment or written agreement among the insured, claimant, 'controlling underlying insurer' (or a representative of one or more of these) and us." ." [Ex. B. at Form CX 00 01 04 13.]

45.    The Excess Policy's Other Insurance Condition further states:

a.    This insurance is excess over, and shall not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance specifically written as excess over this Coverage Part.

b.    When this insurance is excess over other insurance, we will pay only our share of the "ultimate net loss" that exceeds the sum of:

(1)    The total amount that all such other insurance would pay for the loss in the absence of this insurance provided under this Coverage Part; and

(2)    The total of all deductible and self-insured amounts under all that other insurance.

[Ex. B at Form CX 00 01 04 13.]

46.     The Excess Policy provides that the word "insured" "means any person or organization qualifying as such under the [Primary Policy]." [Ex. B at Form CX 00 01 04 13.]

47.     In addition to the above-described terms, the Excess Policy contains certain exclusions which preclude or otherwise limit coverage under the Excess Policy, including a Nonowned Auto and Hired Auto Liability Exclusion, which provides, in pertinent part, as follows:

> The following exclusion is added to paragraph **2. Exclusions:**
>
> Insurance provided under this Coverage Part does not apply to:
>
> **Nonowned Auto And Hired Auto Liability**
>
> "Injury or damage" arising out of the ownership, maintenance, use, or entrustment to others of any "non-owned auto" or any "hired auto." Use includes operation and loading or unloading.
>
> For purposes of this endorsement, the following definitions are added to **Section IV - Definitions:**
>
> "Nonowned auto" means any auto you do not own, lease, hire, rent or borrow that is used in connection with your business. This includes autos owned by your employees or partners or members of their households while used in your business or your personal affairs.
>
> "Hired auto" means any auto you lease, hire, rent or borrow. This does not include any auto you lease, hire, rent or borrow from any of your employees or partners or members of their households.

[Ex. B. at Form XLS-0295 (11-08).]

48.     The Excess Policy is also subject to an Auto Liability Exclusion, which provides, in pertinent part, as follows:

> The following exclusion is added to paragraph **2. Exclusions**:
>
> Insurance provided under this Coverage Part does not apply to:
>
> **Auto Liability**
>
> Any "injury or damage" arising out of the ownership, maintenance, operation, use, loading or unloading or entrustment to others of any auto.

[Ex. B. at Form XLS-2339 (11-08).]

11

49.     The Excess Policy contains a Punitive or Exemplary Damage Exclusion, which provides, in pertinent part, as follows:

> In consideration of the premium charged, it is agreed that this policy does not apply to a claim of or indemnification for punitive or exemplary damages.
>
> Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.
>
> If suit is brought against any insured for a claim falling within coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, the Company will afford a defense to such action; however, the Company will have no obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

[Ex. B at Policy Form UTS-74g (8-95).]

50.     The Primary Policy's Commercial General Liability Coverage Part is also subject to an exclusion for expected or intended injury, which provides as follows:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **a.   Expected Or Intended Injury**
>
> "Bodily injury" or "property damage" that is expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

[Ex. A at Policy Form CG 00 01 04 13.]

51.     The Primary Policy's Errors and Omissions Coverage Part contains an exclusion for "injury arising out of a dishonest, fraudulent, malicious or criminal act by any insured." [Ex. A at Policy Form GLS-172s (11-19).]

52.     In addition to the foregoing provisions of the Policies, Scottsdale pleads all other conditions, terms, warranties, limits, definitions, and exclusions of its Policies, which also may be found applicable, and Scottsdale reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## COUNT I - DECLARATORY RELIEF (Duty to Defend or Indemnify Under Primary Policy)

53.    Scottsdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs 1 through 52 as though completely and fully set forth herein.

54.    There is an actual, present, and existing controversy between Scottsdale and Defendants regarding whether coverage is available under the Policies for the claims asserted against Defendants James Hart, III, Elizabeth Hart, Hart's Landscaping, Inc. by Defendants Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor in the Underlying Lawsuit.

55.    Pursuant to the Declaratory Judgment Act, 28 U.S.C §§ 2201-2202, Scottsdale seeks a judicial declaration of its rights and duties as to Hart's Landscaping and Hart III under the Primary Policy with respect to the Underlying Lawsuit.  The Court's declaration will confer certainty on the parties with respect to their rights and obligations under the Primary Policy for the claims and alleged damages that are the subject of the Underlying Lawsuit.

56.    All conditions precedent to the filing of this action have been performed or have occurred.

57.    In the Underlying Lawsuit, Underlying Plaintiffs seek damages against Hart's Landscaping and Hart III based on a motor vehicle accident at the intersection of Rivers Avenue and Cosgrove Avenue in Charleston, South Carolina [Ex. C at ¶ 12.].  Specifically, the Underlying Complaint alleges that Hart III was traveling at 90 miles per hour when the vehicle driven by Hart III collided with the vehicle driven by Debora Page.  [*Id*. at ¶ 19.]

58.     In the Underlying Lawsuit, Underlying Plaintiffs allege that James Hart, III was an employee of Hart's Landscaping and was acting within the course and scope of his employment at the time of the incident which is the subject of the Underlying Lawsuit.

59.     Specifically, Underlying Plaintiffs allege that that Hart III is "employed by . . . [Hart's Landscaping] and was acting within the course and scope of employment with the landscaping company when the accident occurred."  [Ex. C. at ¶ 4.]  Further, the Underlying Complaint alleges that Hart III was "an employee and agent of [Hart's Landscaping]" [*Id*. at ¶ 13], that Hart III was operating a vehicle that "Elizabeth Hart knowingly allowed Hart's Landscaping to borrow and utilize . . . for its own work" and that "was being used to conduct the business of [Hart's Landscaping]" [*Id*.],  that Hart's Landscaping "intended on authorizing [Hart III] to operate the Subject Vehicle" [*Id*.], and that "use of the Subject Vehicle was integral to the operation of Hart's Landscaping's business, which required employees of Harts [sic] to pick up equipment and materials and to transport the same to particular job locations, where landscaping services were provided."  [*Id*. at ¶ 16.]

60.     Further, the Underlying Complaint alleges that a "separate tribunal of competent jurisdiction has made a determination that Subject Vehicle [sic] was being used in the course and scope of Hart's Landscaping business at the time of the accident" and that "the accident occurred while Hart was operating the Subject Vehicle in the course and scope of his employment with . . . Hart's Landscaping" when the accident occurred.  [Id.]

61.     With respect to the Primary Policy, the Commercial General Liability Coverage Form provides, in pertinent part, that and "insured" is "[a]n organization other than a partnership, joint venture or limited liability company" and the organization's "'executive officers' and directors are insureds, but only with respect to their duties as. . . officers or directors" and that

14

"employees" qualify as an "insured" for acts "within the scope of their employment. . . ." [Ex. A. at Form CG 00 01 04 13.]

62.    The Primary Policy's Errors and Omissions Coverage Form likewise provides the same definition of an "insured."

63.    Thus, Scottsdale contends that Hart III qualifies as an insured under the Primary Policy such that the alleged "bodily injury" arose out of the "use … of … any … 'auto' … owned or operated by … any insured," as contemplated the separate auto exclusions of the Primary Policy's Commercial General Liability Coverage Part and Errors & Omissions Coverage Part.

64.    Moreover, even if Hart III were not an insured, the Underlying Lawsuit separately alleges that Hart III was driving a vehicle owned by Elizabeth Hart, which she allowed Hart's Landscaping to "borrow" and utilize for Hart's Landscaping's business and which she "entrusted" to Hart's Landscaping.  Accordingly, the alleged "bodily injury" separately arose out of the "use … of … any … 'auto' … loaned to any insured," as contemplated by the separate auto exclusions of the Primary Policy's Commercial General Liability Coverage Part and Errors & Omissions Coverage Part.

65.    Accordingly, Scottsdale contends that it has no duty to defend any party in connection with the Underlying Lawsuit or pay any sums that Hart's Landscaping and Hart III may be legally obligated to pay Underlying Plaintiffs in connection with the Underlying Lawsuit, based on the separate auto exclusions of the Primary Policy's Commercial General Liability Coverage Part and Errors & Omissions Coverage Part, based on Hart's operation of the subject vehicle and/or Hart's Landscaping having been "loaned" the subject vehicle.

66.    In addition to the foregoing policy provisions, Scottsdale pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Primary Policy, which may

be found applicable, and Scottsdale reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

67.    Based on the foregoing, Scottsdale seeks a declaration that it does not have a duty to defend or indemnify Hart's Landscaping, Inc. and Hart III under the Primary Policy for the claims that are the subject of the Underlying Lawsuit and to pay any sums that Hart's Landscaping and Hart III may be legally obligated to pay the Underlying Plaintiffs in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff Scottsdale prays that this Honorable Court:

(a)    enter a declaratory judgment declaring that Plaintiff, Scottsdale, has no duty to defend Defendants Hart's Landscaping and Hart III, for the claims asserted against them by Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor in the Underlying Lawsuit.

(b)    enter a declaratory judgment declaring that Plaintiff, Scottsdale, has no duty to indemnify Defendants Hart's Landscaping and Hart III for the claims asserted against them by Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor in the Underlying Lawsuit;

(c)    award Plaintiff, Scottsdale, the costs of this action; and

(d)    award any other relief the Court deems just and proper.

## COUNT II – DECLARATORY RELIEF (Duty To Defend Or Indemnify Under the Excess Policy)

68.    Scottsdale adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 67 as though completely and fully set forth herein.

69.    There is an actual, present, and existing controversy between Scottsdale and the

Defendants regarding whether coverage is available under the Policies for the claims asserted in the Underlying Lawsuit.

70.     Pursuant to the Declaratory Judgment Act, 28 U.S.C §§ 2201-2202, Scottsdale seeks a judicial declaration of its rights and duties as to Hart's Landscaping and Hart III under the Policies with respect to the Underlying Lawsuit.  The Court's declaration will confer certainty on the parties with respect to their rights and obligations under the Policies for the claims and alleged damages that are the subject of the Underlying Lawsuit.

71.     All conditions precedent to the filing of this action have been performed or have occurred.

72.     Again, the Underlying Complaint alleges that Hart III, while in the course and scope of his employment with Hart's Landscaping, Inc., was driving a vehicle owned by Elizabeth Hart when he collided into a vehicle driven by Debora Page, resulting in the deaths of Ms. Page and a minor that was also in the vehicle.  [Ex. C. at ¶¶ 4, 12, 16, 19.]

73.     Scottsdale contends that it has no duty to defend any party in connection with the Underlying Lawsuit or pay any sums that Hart's Landscaping, Inc and Hart III may be legally obligated to pay the Underlying Plaintiffs in connection with the Underlying Lawsuit, based upon the Excess Policy's "follow-form" provision, which provides "this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable 'controlling underlying insurance…'"  [Ex. B at Form CX 00 01 04 13.]  Thus, as the Excess Policy incorporates all the Primary Policy's provisions, exclusions and limitations, if there is no duty to defend or indemnify Hart's Landscaping, Inc. and Hart III under the Primary Policy, there is likewise no duty to defend or indemnify Hart's Landscaping, Inc. and Hart III under the Excess Policy.

74.    Scottsdale further contends that, in addition to the above, it will have no duty to defend or indemnify Hart's Landscaping, Inc. and Hart III, based upon the Excess Policy's Insuring Agreement, which provides that there is no liability under the Excess Policy "unless and until:  (a) The insured or insured's 'controlling underlying insurer' has become obligated to pay the 'retained limit'".   [Ex. B at Form CX 00 01 04 13.]  Accordingly, the Excess Policy does not attach until the "ultimate net loss" exceeds the limits of the Primary Policy.  Therefore, since it is Scottsdale's position that there is no duty to defend or indemnify Hart's Landscaping and Hart III under the Primary Policy, the "ultimate net loss" will not exceed the limits of the Primary Policy and the Insuring Agreement of the Excess Policy will not be triggered.

75.    Finally, Scottsdale contends it has no duty to defend or indemnify any party based upon the Excess Policy's Nonowned Auto and Hired Auto Liability Exclusion, which precludes coverage for injury that arises out of "use" of any "non-owned auto", which means any auto the insured "do[es] not own, lease, hire, rent or borrow that is used in connection with your business" and includes "autos owned by your employees or partners or members of their households while used in your business. . . ." [Ex. B at Form XLS-0925 (11-08).].  Further, there is no duty to defend or indemnify any party based upon the Excess Policy's Auto Liability Exclusion, which precludes coverage for any injury "arising out of the ownership, maintenance, operation, use, loading or unloading or entrustment to others of any auto."  [Ex. B. at Form XLS-2339 (11-08).]

76.    In addition to the foregoing policy provisions, Scottsdale pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Excess Policy, which may also be found applicable, and Scottsdale reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

77.    Based on the foregoing, Scottsdale seeks a declaration that it does not have a duty

to defend or indemnify Hart's Landscaping, Inc. and Hart III under the Excess Policy for the claims that are the subject of the Underlying Lawsuit and to pay any sums that Hart's Landscaping and Hart III may be legally obligated to pay the Underlying Plaintiff in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff Scottsdale prays that this Honorable Court:

(a)     Enter a declaratory judgment declaring that Plaintiff, Scottsdale, has no duty to defend Defendant Hart's Landscaping, Inc. and/or Hart III for the claims asserted against them by Defendants Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor in the Underlying Lawsuit.

(b)     Enter a declaratory judgment declaring that Plaintiff, Scottsdale, has no duty to indemnify Defendant Hart's Landscaping, Inc. and/or Hart III for the claims asserted against them by Defendants Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor in the Underlying Lawsuit.

(c)     award Plaintiff, Scottsdale, the costs of this action; and

(d)     award any other relief the Court deems just and proper.

### COUNT III - DECLARATORY RELIEF (Punitive Damages Exclusions – Underlying Lawsuit)

78.     Scottsdale adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 77 as though completely and fully set forth herein.

79.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Scottsdale seeks a judicial declaration of its rights and duties to Defendant Hart's Landscaping, Inc. and Hart III for the claims asserted against by Defendants Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of

JF, a minor in the Underlying Lawsuit.

80.    In the Underlying Lawsuit, Underlying Plaintiffs specifically seek punitive damages against Hart's Landscaping, Inc. and Hart III.

81.    Pursuant to the Policies' Punitive or Exemplary Damages Exclusions, the Policies do not afford coverage for any punitive damages.

82.    Scottsdale contends that any punitive damages that may be awarded in the Underlying Lawsuit are precluded from coverage pursuant to the Punitive or Exemplary Damages Exclusion.

WHEREFORE, Plaintiff Scottdale prays that this Honorable Court:

(a)    enter a declaratory judgment declaring that Scottsdale has no duty to indemnify Defendant James Hart, III and Hart's Landscaping, Inc. with respect to any damages alleged in the Underlying Lawsuit that fall within the ambit of the Punitive or Exemplary Damages Exclusion of the Policies;

(b)    award Plaintiff, Scottsdale, the costs of this action; and

(c)    award any other relief the Court deems just and proper.

## COUNT IV – DECLARATORY RELIEF (Expected or Intended Injury Exclusion)

83.    Scottsdale adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 82 as though completely and fully set forth herein.

84.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Scottsdale seeks a judicial declaration of its rights and duties to Defendant Hart's Landscaping, Inc. and Hart III for the claims asserted against them by Defendants Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor in the Underlying Lawsuit.

85.    The Underlying Plaintiffs allege in the Underlying Lawsuit that Hart III "was driving too fast for conditions, was not paying attention to his surroundings, and failed to keep the Subject Vehicle under proper control, given the circumstances."  [Ex. C. at ¶ 22.]

86.    Further, the Underlying Lawsuit alleges that Hart III "operate[d] a vehicle in a negligent and/or reckless manner;" and that Hart III "fail[ed] to use due care . . . to yield the right of way" and "fail[ed] to keep his vehicle under proper control. . . ."  Additionally, the Underlying Lawsuit alleges that Hart III was driving approximately "and/or in excess of, 90 mph on Rivers Avenue (35 mph zone). . . ."  [Ex. C. at ¶¶ 19, 27.]

87.    Thus, the resulting injuries to Underlying Plaintiffs were "expected or intended" from Hart III's standpoint based upon Hart III's operation of the vehicle.

88.    Accordingly, Scottsdale contends that it has no duty to indemnify any party in connection with the Underlying Lawsuit or pay any sums that Hart's Landscaping and Hart III may be legally obligated to pay Underlying Plaintiffs in connection with the Underlying Lawsuit, based on the Primary Policy's Expected or Intended Injury Exclusion.

89.    In addition to the foregoing policy provisions, Scottsdale pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Primary Policy, which may be found applicable, and Scottsdale reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

90.    Based on the foregoing, Scottsdale seeks a declaration that it does not have a duty to indemnify Hart's Landscaping, Inc. and Hart III under the Primary Policy's Commercial General Liability Coverage Part for the claims that are the subject of the Underlying Lawsuit and to pay any sums that Hart's Landscaping and Hart III may be legally obligated to pay the Underlying Plaintiffs in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff Scottsdale prays that this Honorable Court:

(a)    enter a declaratory judgment declaring that Plaintiff, Scottsdale, has no duty to indemnify Defendants Hart's Landscaping and Hart III for the claims asserted against it by Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor in the Underlying Lawsuit, under the Policy's Commercial General Liability Coverage Part, based on the Expected or Intended Injury Exclusion;

(b)    award Plaintiff, Scottsdale, the costs of this action; and

(c)    award any other relief the Court deems just and proper.

## COUNT V – DECLARATORY JUDGMENT (Criminal Acts Exclusion)

91.    Scottsdale adopts and incorporates by reference all of the allegations contained in paragraphs 1 through 90 as though completely and fully set forth herein.

92.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Scottsdale seeks a judicial declaration of its rights and duties to Defendant Hart's Landscaping, Inc. for the claims asserted against by Defendants Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor in the Underlying Lawsuit.

93.    The Underlying Lawsuit alleges that Hart III "fail[ed] to have a valid license" and that Hart III engaged in "unlawful use of a wireless electronic communication device in violation of South Carolina Code Section 56-5-3890. . . ." [Ex. C at ¶ 27.]

94.    Further, Scottsdale understands that Hart III has been criminally charged with two counts of reckless homicide as a result of the Incident. *See The State of South Carolina v. James Hart III*, Case No. 2022-A10-21000458 pending in Charleston County Court of Common Pleas

22

and Case No. 2022-A10-21000459 pending in Charleston County Court of Common Pleas.

95.    Accordingly, Scottsdale contends it has no duty to indemnify any party in connection with the Underlying Lawsuit or pay any sums that Hart's Landscaping and Hart III may be legally obligated to pay Underlying Plaintiffs in connection with the Underlying Lawsuit under the Primary Policy's Errors & Omission Coverage Part, based on the Criminal Act Exclusion, which precludes coverage for "injury arising out of a dishonest, fraudulent, malicious or criminal act by any insured." [Ex. A at Policy Form GLS-172s (11-19).]

96.    In addition to the foregoing policy provisions, Scottsdale pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Primary Policy, which may be found applicable, and Scottsdale reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

97.    Based on the foregoing, Scottsdale seeks a declaration that it does not have a duty to defend or indemnify Hart's Landscaping, Inc. and Hart III under the Primary Policy's Errors & Omissions Coverage Part for the claims that are the subject of the Underlying Lawsuit and to pay any sums that Hart's Landscaping and/or Hart III may be legally obligated to pay the Underlying Plaintiffs in connection with the Underlying Lawsuit pursuant to the Criminal Act Exclusion.

WHEREFORE, Plaintiff Scottsdale prays that this Honorable Court:

(a)    enter a declaratory judgment declaring that Plaintiff, Scottsdale, has no duty to indemnify Defendants Hart's Landscaping and Hart III for the claims asserted against it by Raishard Page, as Personal Representative of the Estate of Debora Delores Page and Jasmine Fragier, as Personal Representative of the Estate of JF, a minor in the Underlying Lawsuit under the Primary Policy's Errors & Omissions Coverage Part, based upon the Criminal Act Exclusion;

23

(b)    award Plaintiff, Scottsdale, the costs of this action; and

(c)    award any other relief the Court deems just and proper.

Respectfully submitted this the 8th day of May, 2023.

PHELPS DUNBAR LLP

By:    /s/ Robert M. Kennedy, Jr.
Robert M. Kennedy, Jr.
S.C. Bar No.: 102288
D.S.C. Federal Court ID: 12270
GlenLake Four | 4141 ParkLake
Avenue, Suite 530
Raleigh, North Carolina 27612-3723
Telephone:    919-789-5300
Facsimile:    919-789-5301
E-mail: robert.kennedy@phelps.com

*Attorney for Scottsdale Insurance Company*